IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHRISTOPHER HESKETH,

   Plaintiff,

v.

ALLTRAN FINANCIAL, LP,

   Defendant.

Case No. 4:19-cv-01773

## COMPLAINT

NOW COMES, CHRISTOPHER HESKETH, through counsel, SULAIMAN LAW GROUP, LTD., complaining of ALLTRAN FINANCIAL, LP, as follows:

## NATURE OF THE ACTION

1.    This action seeks damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4.    CHRISTOPHER HESKETH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Vacaville, California.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    ALLTRAN FINANCIAL, LP ("Defendant") is a domestic limited partnership with its principal place of business located in Houston, Texas.

1

7. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

8. Accordingly, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff applied for and was approved for a Credit One Bank, N.A. credit card account.

10. Plaintiff made various charges on the credit card, accruing a $1,012.06 balance incurred for personal purposes.

11. Accordingly, Plaintiff's $1,012.06 balance is a "debt" as defined by 15 U.S.C. § 1692a(5)

12. On or before April 30, 2019, Plaintiff's Credit One Bank, N.A. account was purchased by LVNV Funding LLC and placed with Defendant for collection.

13. On April 30, 2019, Defendant sent a letter to Plaintiff. *See* Exhibit A.

14. The letter stated, in uniform font and print size:

Your Credit One Bank, N.A. account has been purchased by LVNV Funding LLC and placed with us for collection. Our services have been contracted for the recovery efforts of your delinquent account.

15. The letter indicated that the balance due was $1,012.06.

16. The letter offered Plaintiff options to resolve Plaintiff's balance owed LVNV Funding LLC.

17. The letter was Defendant's initial communication with Plaintiff.

18. The letter did not contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

19. The letter did not contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

20. The letter did not contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. The letter conveyed information regarding Plaintiff's $1,012.06 balance owed LVNV Funding LLC directly to Plaintiff.

22. Accordingly, the letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Defendant's unlawful collection practices have deprived Plaintiff notice of Plaintiff's rights under the law.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692g(a)**

25. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

 (1) the amount of the debt;

 (2) the name of the creditor to whom the debt is owed;

 (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

 (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

 (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

26. The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

27. The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

28. Defendant violated 15 U.S.C. § 1692g(a) by failing to include the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

29. Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)   any actual damage sustained by such person as a result of such failure;

(2)

    (A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.   a finding that Defendant violated 15 U.S.C. § 1692g(a);

B.   an award of any actual damages sustained by Plaintiff;

C.   an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.   an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.   an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 15, 2019                                                                 Respectfully submitted,

**CHRISTOPHER HESKETH**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148

+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com